IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT LEE ODEN, # 124577, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:20-cv-66-WHA-JTA |
| | ) (WO) |
| JOSEPH HEADLEY, et al., | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on the petition for writ of habeas corpus filed by state prisoner Albert Lee Oden ("Oden"). Oden challenges his 2002 Chilton County, Alabama guilty plea convictions for murder and unlawful distribution of a controlled substance. Doc. No.1.[1] Respondents argue that Oden's petition is time-barred under the applicable one-year statute of limitations. The undersigned agrees and thus recommends that the petition be denied without an evidentiary hearing and this case be dismissed with prejudice.

### I.   BACKGROUND

**A.   State Court Proceedings**

On May 6, 2002, Oden pled guilty in the Chilton County Circuit Court to charges of murder, in violation of ALA. CODE § 13A-6-2, and unlawful distribution of a controlled substance, in violation of ALA. CODE § 13A-12-211. Doc. Nos. 10-1, 10-10. On July 31,

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

2002, the trial court sentenced Oden as a habitual felony offender to concurrent terms of life in prison. *Id*. Oden did not appeal either conviction.

On July 28, 2019, Oden, proceeding *pro se*, filed a petition in the trial court seeking postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. No. 10-3. In his Rule 32 petition, Oden argued that his murder conviction should be set aside because he acted in self-defense. *Id*. at 11–19. The trial court denied Oden *in forma pauperis* status, and Oden failed to pay a filing fee for the Rule 32 petition. Doc. No. 10-2. On September 10, 2019, the trial court dismissed Oden's Rule 32 petition based on his failure to pay the filing fee. Doc. No. 10-5.

Oden appealed, and on December 3, 2019, the Alabama Court of Criminal Appeals dismissed his appeal based on his failure to comply with that court's order to either pay the appeal fee or demonstrate his indigency. Doc. Nos. 10-7, 10-8. The Alabama Court of Criminal Appeals issued a certificate of judgment on December 3, 2019. Doc. No. 10-9.

**B.     Oden's § 2254 Petition**

On January 8, 2020, Oden, proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No.1; *see* Doc. No. 2. In his petition, Oden asserts that his 2002 guilty pleas were involuntary and unknowing; that he received ineffective

---

[2] For the filing dates of Oden's Rule 32 petition, and his instant federal petition, this Court follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Under the mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

assistance of counsel; that Alabama's habitual felony offender statute is unconstitutional and racially discriminatory; and that he is actually innocent of murder because he acted in self-defense when he "shot a man." Doc. No. 1 at 13–14; Doc. No. 2. Respondents argue that Oden's § 2254 petition is time-barred under the applicable one-year statute of limitations and that, therefore, he is not entitled to habeas review of his claims. Doc. No. 10 at 4–9.

## II.  ANALYSIS

### A.   The One-Year Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Discussion of Timeliness of Oden's § 2254 Petition**

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year after the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Oden took no direct appeal, his conviction became final for federal habeas purposes on September 11, 2002, i.e., 42 days after his July 31, 2002 sentencing. *See* Ala. R. App. P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42 days after sentencing); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Thus, for Oden, the AEDPA's statute of limitations began to run on September 11, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). Absent some tolling event, whether statutory or equitable, Oden had one year, or until September 11, 2003, to file a § 2254 petition.

**1.     *Statutory Tolling***

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Oden filed an Alabama Rule 32 petition on July 28, 2019, that Rule

4

32 petition (and the related proceedings that followed) had no tolling effect for Oden under § 2244(d)(2), because the AEDPA's statute of limitations ran unabated for the full year after it started on September 11, 2002, expiring on September 11, 2003—long before Oden filed his Rule 32 petition. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

The alternative triggering provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no safe harbor for Oden such that the AEDPA's statute of limitations commenced on some date later than September 11, 2002 or expired on some date later than September 11, 2003. There is no evidence that an unlawful state action impeded Oden from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); Oden presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" *see* § 2244(d)(1)(C); and Oden submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D).

Here, the AEDPA's statute of limitations under § 2244(d)(1)(A) expired on September 11, 2003. Oden filed his § 2254 petition on January 8, 2020. Therefore, his petition was not timely filed under the habeas statute.

5

### 2. *Equitable Tolling*

The AEDPA's limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Oden argues for equitable tolling in his case on grounds that he presents claims of ineffective assistance of counsel in his § 2254 petition and "the courts understand that attorneys will not admit and address their own incompetence on direct appeal." Doc. No. 1 at 14; Doc. No. 2 at 1–2. Oden, however, can show no causal connection between an alleged procedural or practical impediment to raising claims of ineffective assistance of counsel in a direct appeal and his failure to file his § 2254 petition until over 17 years after he was sentenced. Nor does Oden show how he was impeded from filing an Alabama Rule 32 petition (where he raised claims of ineffective assistance of counsel) until almost 17 years after his sentencing. For a habeas petitioner to obtain relief through equitable tolling,

there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). Simply put, Oden's allegations here fail to demonstrate an extraordinary circumstance that stood in his way to prevent the timely filing of his federal petition.

Oden also cursorily suggests that an inadequate prison law library combined with his ignorance of the AEDPA's statute of limitations prevented the timely filing of his petition. Doc. No. 2 at 6–7. Cursory assertions, like Oden's, regarding the inadequacy of a prison law library are insufficient to warrant equitable tolling of the federal statute of limitations. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). *See also, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). Furthermore, courts do not accept "a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)). *See, e.g., Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005) (citations omitted) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.'"); *Burton v. Deloach*, 2008 WL 2131398, *4 (M.D. Ala. Mar. 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his

7

failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.").

Oden fails to meet his burden of establishing his entitlement to equitable tolling. Because he is not entitled to equitable tolling, his § 2254 petition is time-barred under the AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1)(A).

**C.   Actual Innocence**

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Oden claims he is actually innocent of the offense of murder because he acted in self-defense when he shot and killed the victim. Doc. No. 1 at 14; Doc. No. 2 at 2–8. Oden asserts, with no supporting authority, that self-defense was not a recognized defense under Alabama law at the time of his offense in 2000 and that his actions did not constitute murder under the "stand your ground" principles now recognized under Alabama law. Doc. No. 2 at 4.

The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Oden points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. He makes only bare assertions that he acted in self-defense while making a legal argument regarding the stand-your-ground doctrine that does not touch upon the question of his factual innocence. Despite pleading guilty to murder, Oden now claims he shot the victim in self-defense because he was in imminent danger of being robbed by three men, one of whom was the victim. Doc. No. 2 at 15, 17–18. Oden's bare assertions do not present sufficient evidence of his actual innocence of murder to conclude that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327. Further, a defense predicated on such assertions was available to Oden at the time he pled guilty, despite his baseless claim that self-defense was not a recognized defense under Alabama

9

law at the time of his offense.[3] Because Oden had knowledge of the alleged circumstances under which he shot the victim and still pled guilty, "it is difficult for him to now argue that this evidence is new and is of such exculpatory value no reasonable juror could have convicted him because of it." *Hopkins v. Taylor*, 2014 WL 4693630, at *3 (E.D. Ky. Aug.

---

[3] Before 2006, Alabama's self-defense statute, ALA. CODE § 13A-3-23, addressed deadly force in defense of self, as well as the duty to retreat, as follows:

> "(b) . . . [A] person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety:
>
> "(1) By retreating, except that the actor is not required to retreat:
>
> "a. If he is in his dwelling or at his place of work and was not the original aggressor...."

Effective June 1, 2006, ALA. CODE § 13A-3-23 was amended to include the "stand your ground" doctrine and to provide:

> "(a) A person is justified in using physical force upon another person in order to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he or she may use a degree of force which he or she reasonably believes to be necessary for the purpose. A person may use deadly force, and is legally presumed to be justified in using deadly physical force in self-defense or the defense of another person pursuant to subdivision (4), if the person reasonably believes that another person is:
>
> "(1) Using or about to use unlawful deadly physical force.
>
> ". . . .
>
> "(b) A person who is justified under subsection (a) in using physical force, including deadly physical force, and who is not engaged in an unlawful activity and is in any place where he or she has the right to be, has no duty to retreat and has the right to stand his or her ground."

Oden presents no evidence demonstrating that Alabama law at the time of his offense precluded him from arguing he acted in self-defense as a complete defense to the murder charge to which he pled guilty; or that the 2006 amendment to Alabama's self-defense statute to include the stand-your-ground doctrine would have made a claim of self-defense viable in his case where it was previously viable; or that his actions did not constitute a crime under the stand-your-ground doctrine.

26, 2014). Oden's actual-innocence claim is undermined by his sworn admission of guilt when pleading guilty to murder in 2002. He argues evidence that is neither new nor reliable. Further, Oden's assertions are not the sort of extraordinary and reliable evidence that warrant the rare relief available under the actual-innocence exception.

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). This is not such a case. Because the actual-innocence exception does not apply, the claims in Oden's time-barred § 2254 petition are not subject to federal habeas review.[4]

### III. CONCLUSION

For the above-stated reasons, it is the RECOMMENDATION of the Magistrate Judge that Oden's 28 U.S.C. § 2254 petition be DENIED as time-barred, and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation by **August 4, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

---

[4] The Eleventh Circuit has left open the question of whether federal habeas courts may entertain "freestanding" actual-innocence claims in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). However, assuming for the sake of argument that Oden may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural restrictions, including the statute of limitations in § 2244(d). *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement). Such a claim, if taken as a freestanding actual-innocence claim, is time-barred, like all his other claims, under § 2244(d)(1)(A).

frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of July, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE